UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

D-91 TERRY SMITH,

      Defendant.

_____/

Case No. 06-20465

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [2092]**

Defendant is charged in an Indictment with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1), and with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). The charges arise out the execution of a state search warrant for 1666 Lawndale, Detroit, Michigan.

At a hearing held on July 26, 2011, this matter came before the Court on Defendant's motion to suppress evidence seized during the execution of the search warrant. For the reasons stated below, Defendant's motion to suppress is DENIED.

**I.    Facts**

On October 7, 2008, Deputy Argiris Xenos, a member of the Wayne County Narcotic Enforcement Unit who was involved in a controlled substances investigation of the residence located at 1666 Lawndale, Detroit, Michigan, applied for a search warrant for that location. (Def.'s Ex. A, Search Warrant and Affidavit at 1.) The Affidavit in support of that search warrant (the "Affidavit") stated that:

On October 6, 2008, crewmembers of the Wayne County Sheriff Narcotics Enforcement Unit were conducting a push off operation with the target location being 1666 Lawndale, in the City of Detroit.  During the course of the Push Off/surveillance, the crew observed three (3) suspected buyers on separate occasions drive up to the location and go to the front of the location where they would go through a wooden privacy fence and go to the side door of the location. A minute later they would exit from the location and return to their vehicles. Once the suspected buyers left the area, crewmembers conducted an investigation of one person, making sure the buyer made no stops or have [sic] conversation with any other persons, other than the crew.  During the course of the investigation, the suspected buyer was in possession of suspected Vicodin tablets, which the buyer stated was purchased from 1666 Lawndale.

Based on the above information, observations and the confiscation of suspected Vicodin from the investigated individual and the affiants [sic] training and experience, (four years as a sworn Officer) the affiant has probable cause to believe that Vicodin and other illegal narcotics will be found on the premises listed above.

Based upon the purchase of the suspected Vicodin, it is believed that Vicodin and other illegal items are being stored and sold from within the above location. Affiant believes that the Vicodin is being stored at the above location for the purpose of illegal narcotic trafficking, which are [sic] in violation of the Michigan Controlled Substances Act (VPHQ).  Based on the information, the surveillance, and the investigation, this request for a search warrant is made.

(*Id.* at 2.)

On October 7, 2008, the search warrant and supporting Affidavit were presented to and signed by a Judge/Magistrate for the 36th District Court, Wayne County, Michigan. The Search Warrant was executed on October 7, 2008, and controlled substances and a firearm were seized from 1666 Lawndale, Detroit, Michigan.

## II.   Analysis

Defendant argues that the search warrant affidavit lacks probable cause because (1) it was "bare bones," (2) lacked specificity as to the affiant's specific training and experience in narcotics enforcement, (3) lacked independent corroboration for the Vicodin buyer's statement to police that he purchased the Vicodin from the location to be searched, and (4)

2

contained information that was stale.

## A. General Principles

The principles that guide the Court's determination whether probable cause was established were recently discussed by the Sixth Circuit in *United States v. Lyna Brooks*, 594 F.3d 488 (6th Cir.), *cert. denied*, 130 S. Ct. 3403 (2010):

> To establish probable cause adequate to justify issuance of a search warrant, the governmental entity or agent seeking the warrant must submit to the magistrate an affidavit that establishes "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). Whether the affidavit gives rise to this fair probability "depends on the totality of the circumstances." [*United States v.] Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (citing *Gates*, 462 U.S. at 230). "The probable cause standard is a 'practical, non-technical conception' that deals with the 'factual and practical considerations of everyday life.'" *Id.* (quoting *Gates*, 462 U.S. at 231).

> When a warrant applicant seeks to search a specific location, the affidavit must establish "a nexus between the place to be searched and the evidence to be sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc). "The critical element in a reasonable search is not that the owner of property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Frazier*, 423 F.3d at 532 (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978)).

> * * *

> Furthermore, in seeking to establish probable cause to obtain a search warrant, the affidavit may not employ "stale" information, and whether information is stale depends on the "inherent nature of the crime." *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998) (quoting *United States v. Henson*, 848 F.2d 1374, 1382 (6th Cir. 1988)). Whether information is stale in the context of a search warrant turns on several factors, such as "the character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), [and] the place to be searched (mere criminal forum of convenience or secure operational base?)." *United States v. Hammond*, 351 F.3d 765, 771-72 (6th Cir. 2006) (quoting *United States v. Greene*, 250 F.3d 471, 480-81 (6th Cir. 2001)). In the context of drug crimes, information goes stale very quickly "because drugs are usually sold and

3

consumed in a prompt fashion."  *United States v. Frechette*, 583 F.3d 374, 378 (6th Cir. 2009).

*Id.* at 492-93.

### B.  Probable Cause is Established

Despite Defendant's claims to the contrary, the challenged Affidavit provided the issuing judge with a "substantial basis for . . . conclud[ing] that probable cause existed." *Gates*, 462 U.S. at 238-39 (internal quotation marks and citation omitted).  The Affidavit was neither "bare bones" nor stale.  Rather, it provided detailed facts of surveillance that suggested drug trafficking from 1666 Lawndale and described continued surveillance and investigation of a suspected "buyer" who was observed leaving that location and admitted to police that the Vicodin in his possession was purchased from that location, thus corroborating the affiant's suspicion that illegal activity was occurring at the place to be searched, i.e., observations on October 6, 2008 of three suspected buyers coming to the home, entering it and leaving after a few minutes; continued surveillance of and contact with one of the suspected buyers who was observed leaving 1666 Lawndale; and that suspected buyer's admission that he had purchased the Vicodin tablets that were in his possession from an individual located inside the residence located at 1666 Lawndale.  The Search Warrant and Affidavit expressly identified the affiant as a member of the Wayne County Narcotic Enforcement Unit, stated that he was working on a controlled substance investigation of the residence to be searched, and further stated that, based on the affiant's four years of training and experience, he believed it was likely that evidence of drug dealing, i.e., Vicodin, would be found at 1666 Lawndale in Detroit, Michigan.  The information in the Affidavit was not stale because it was prepared and the search warrant

4

was issued within 24 hours after the above-described Vicodin purchase occurred. Even though the Affidavit did not contain any facts supporting the buyer's reliability other than the police's own surveillance and investigation of the buyer, that corroboration provided sufficient probable cause for the issuance of the search warrant. *See, e.g., United States v. Sales*, 247 F. App'x 730, 734 (6th Cir. 2007) (observing that, even though the warrant affidavit did not contain any facts supporting the CI's reliability, the officer's "corroboration of the CI's controlled buy provided sufficient probable cause for the issuance of the search warrant."); *see also, United States v. Coffee*, 434 F.3d 887, 894 (6th Cir. 2006) (same); *United States v. Jackson*, 470 F.3d 299, 308 (6th Cir. 2006) (same).

### B. Alternatively, *Leon* Good Faith Exception Would Apply

Even if this Court were to find that the Affidavit failed to establish probable cause, the good faith exception to the exclusionary rule would apply here. The exclusionary rule does not bar evidence obtained by officers acting in reasonable reliance on a search warrant that is subsequently held to be invalid. *See United States v. Leon*, 468 U.S. 897, 905 (1984) (modifying the exclusionary rule so as not to bar from admission evidence "seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective"). "[T]he relevant question is whether the officer reasonably believed that the warrant was properly issued, *not* whether probable cause existed in fact." *United States v. Hython*, 443 F.3d 480, 487 (6th Cir. 2006) (internal quotations and citation omitted) (emphasis in original). Where an officer's reliance on a warrant is objectively reasonable, the *Leon* Court held, no additional deterrent effect will be achieved through the exclusion from evidence of the fruits of that search. *See Leon*, 468 U.S. at 922.

There are four circumstances where the *Leon* good faith exception cannot be applied:

(1) the issuing magistrate was misled by information in the Affidavit that the Affiant either knew was false or should have known was false except for the Affiant's reckless disregard for the truth; (2) the issuing magistrate failed to act in a neutral and detached manner; (3) the Affidavit is so lacking in indicia of probable cause as to render official belief in the existence of probable cause entirely unreasonable; and (4) the search warrant was facially deficient in that it failed to describe with particularity the things to be seized and the place to be searched. *Leon*, 468 U.S. at 914-15.  None of the above circumstances are present here.  There is no evidence of false information in the Affidavit.  There is no evidence that the magistrate abandoned his neutral and detached role.  There is no claim that the warrant failed to particularize the items to be seized and the place to be searched.  More importantly, the Affidavit was not so lacking in indicia of probable cause as to render official belief in the existence of probable cause entirely unreasonable.  Rather, as discussed above, a reasonable officer would have concluded that there was probable cause to search.  *See Frazier*, 423 F.3d at 536-37 (observing that the Sixth Circuit has "previously found *Leon* applicable in cases where we determined that the affidavit contained a minimally sufficient nexus between the illegal activity and the place to be searched even if the information provided was not enough to establish probable cause.").  Thus, Defendant's motion to suppress fails for this alternative reason.

## III.   Conclusion

For the above-stated reasons, Defendant's motion to suppress the evidence seized during execution of the search warrant for 1666 Lawndale, Detroit, Michigan is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  July 28, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record
on July 28, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager